BRIAN J. STRETCH (CABN 163973)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

ERIN A. CORNELL (CABN 227135)
Special Assistant United States Attorney

　　1301 Clay Street, Suite 340S
　　Oakland, California 94612
　　Telephone: (510) 637-3680
　　Facsimile: (510) 637-3724
　　Erin.Cornell@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR 16-00090 JST |
| Plaintiff, | ) [PROPOSED] ORDER OF DETENTION |
| v. | ) |
| JESSE ALEXANDER, | ) |
| Defendant. | ) |

On April 5, 2016, the Court conduced a detention hearing in the above-captioned case for

defendant Jesse Alexander.  The Court has carefully considered the proffers of the government and the

defendant's counsel, along with the information contained in the Pretrial Services Report.  The Court

finds by clear and convincing evidence that the defendant is a danger to the community, and finds by a

preponderance of the evidence that he is a risk of flight or nonappearance if released from custody.  For

the reasons set forth below, as well as those stated on the record on April 5, 2016, the Court concludes

that there are no conditions or combination of conditions that could be fashioned in order to properly

protect the community or assure the appearance of the defendant for trial if he is released.  Therefore,

the Court orders that the defendant be detained.

//

I.      **LEGAL STANDARD**

Under the Bail Reform Act, an authorized judicial officer may order the detention or release of a defendant pending trial.  The judicial officer may detain a defendant where the government shows by clear and convincing evidence that no release condition will reasonably assure the safety of the community.  Specifically, detention may be ordered where the court finds no condition or combination of conditions could prevent the defendant's continued or future criminal activity.  *United States v. Salerno*, 481 U.S. 739 (1987).  Additionally, the judicial officer may detain a defendant if the government proves by a preponderance of the evidence that the defendant poses a risk of flight.  *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

II.      **ANALYSIS**

For the reasons stated on the record on April 5, 2016, the Court finds that the government has met its burden in establishing that the defendant is a danger to the community and poses a risk of flight or nonappearance.  Regarding the danger to the community, the defendant has a number of dangerous prior convictions involving firearms, including a home invasion robbery.  Regarding risk of flight or nonappearance, the defendant is homeless, and while it was suggested that the defendant be sent to a halfway house or inpatient drug treatment, based on his multiple parole violations, as well as his flight from the police during the instant offense and his prior conviction for possessing a controlled substance in jail, the Court is concerned that the defendant will not follow the Court's instructions and appear for future Court dates.  The defendant also did not present any sureties at the detention hearing.

III.      **CONCLUSION**

Having considered all of the relevant factors set forth in 18 U.S.C. § 3142(g), and for the reasons set forth herein, as well as those stated on the record on April 5, 2016, the Court hereby finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community or others if the defendant is released.  *See* 18 U.S.C. § 3142(f).  The Court also finds by a preponderance of the evidence that no condition or combination of conditions or release it could fashion would assure the defendant's appearance for trial if he was released.

//

1    For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney

2  General for confinement in a corrections facility separate, to the extent practicable, from persons

3  awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded

4  reasonable opportunity for private consultation with counsel.  On order of a court of the United States or

5  on request of an attorney for the Government, the person in charge of the corrections facility in which

6  Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an

7  appearance in connection with a court proceeding.

8    IT IS SO ORDERED.

9

10  DATED: April 7, 2016

_Kandis Westmore_

HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge