# UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
Oakland Venue

**Amended Petition Alleging An Additional Violation of Supervision**
**(Initial Petition for Warrant for Person Under Supervision filed on January 6, 2021)**

**Person Under Supervision**  
Jesse Alexander

**Docket Number**  
0971 4:16CR00090-001 JST

**Name of Sentencing Judge:**   The Honorable Jon S. Tigar
United States District Judge

**Date of Original Sentence:**   January 27, 2017

**Original Offense**
Count One: Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1), a Class C Felony.

**Original Sentence:** 37 months custody, three years supervised release

**Special Conditions:**  Search: drug treatment and testing: DNA collection; mental health treatment; no new lines of credit; $100 special assessment; access to financial information; abstain from alcohol; weapons prohibition.

**Prior Form(s) 12:** On December 30, 2019, a warrant was issued for Mr. Alexander's arrest. He was charged with violating his supervised release for failing to report for drug testing and committing new law violations (pimping, pandering, possession of marijuana while driving, and improper display of a license plate). On February 20, 2020, his supervised release was revoked and he was sentenced to three months custody, followed by 33 months supervised release, with the additional conditional that he participate in a residential re-entry center for ninety days.

Mr. Alexander failed to complete the 90 days in the residential re-entry center due to exhibiting aggressive behavior. On June 22, 2020, the Court modified the client's conditions of supervision (by waiver of hearing) to include 53 days of location monitoring.

On January 6, 2021, the Court issued a warrant for Mr. Alexander's arrest. It was alleged that the client violated his conditions of supervision by failing to participate in drug testing and committing a new law violation. On April 16, 2021, the federal warrant was executed. On April 26, 2021, he made his initial appearance before the duty magistrate judge; the matter was continued to May 5, 2021, for further proceedings. Additionally, a status conference was scheduled before Your Honor for May 21, 2021. On May 5, 2021, prior to the court hearing, the detention/preliminary hearing was rescheduled for May 20, 2021, before the duty magistrate judge. Mr. Alexander remains in custody.

RE:   Alexander, Jesse                                                                                                           2
      0971 4:16CR00090-001 JST

**Type of Supervision**                              **Date Supervision Commenced**
Supervised Release                                   April 7, 2020
**Assistant U.S. Attorney**                          **Defense Counsel**
Anna P. Nguyen                                       John Paul Reichmuth (AFPD)

**Petitioning the Court to incorporate Charge Number Four to the petition filed with the Court on January 6, 2021.**

I, Nicole M. Brown, a Probation Officer employed in the United States District Court for the Northern District of California, solemnly affirm and declare, under penalty of perjury, that to the best of my information and belief, the facts set forth in this affidavit are true and correct. The factual affirmations made below are based on my personal knowledge, on official records or documents generated and maintained by my agency in the course of performing its functions, on official records or documents generated and maintained by other government agents or agencies in the course of performing their functions, or on information provided to me orally or electronically by employees or agents of other public agencies (information developed or acquired in the course of performing official agency functions).

| Charge Number | Violation |
|---|---|
| One | There is probable cause to believe that the offender violated special condition number one that he participate in drug testing.<br><br>Mr. Alexander failed to attend drug testing at Dolan Mental Health in Oakland, California, on November 9, December 3, December 9, and December 21, 2020.<br><br>Evidence to support this charge are the chronological entries for the above-mentioned dates located in the client's electronic probation file. |
| Two | There is probable cause to believe that the offender violated special condition number one that he participate in drug testing.<br><br>On December 11, 2020, telephone contact was made with the client and he was directed to report to the probation office to submit to a drug test, as he failed to appear for drug testing on December 9, 2020. Mr. Alexander reported to the Oakland probation office on December 11, 2020. He submitted to an oral swab test, which was presumptive positive for the presence of amphetamine. He was directed to submit to a urinalysis test, which he refused to do. |

RE:   Alexander, Jesse                                                                                    3
      0971 4:16CR00090-001 JST

    Evidence to support this charge is the chronological entry for the above-mentioned date located in the client's electronic probation file.

Three  There is probable cause to believe that the offender violated the mandatory condition that he not commit a new law violation.

    On November 2, 2020, at approximately 6:34 p.m., Mr. Alexander repeatedly kissed a 14-year-old girl on the neck, in violation of California Penal Code Section 288, Child Molest, a felony.

    According to the investigative report, an Oakley police officer was dispatched to a report of an individual knocking on a female's window. Upon arrival, the front door was open and an adult male subject (later identified as Mr. Alexander) yelled out, "Everything is fine, we're good!" He was instructed to come out of the home, and he refused. Around this time, the juvenile female who called the police exited the residence, crying hysterically, stating, "He kissed me on my neck!"

    Upon further investigation, and without much cooperation from Mr. Alexander, it was determined that Mr. Alexander and the alleged victim's mother were trying to play a "prank' on her minor children, by having Mr. Alexander act as if he were breaking into their home. She related that the purpose of the prank was to test what strength the children had mentally if someone were trying to break into the house. Once Mr. Alexander entered the house, he was walking the alleged victim's 12-year-old brother around the house with a flashlight, showing him what to do in the event someone did break into the house. It is noted the house was dark during this time, and Mr. Alexander allegedly kissed the minor victim on the neck several times. Later, he claimed to the officer that he thought he was kissing the alleged victim's mother and not the minor child.

    When the police arrived, the minor child was crying hysterically, to the point of hyperventilating, and she ended up running from the scene. She was later located at a nearby gym and she was hospitalized on a 5150 hold due to expressing suicidal thoughts over the incident.

    Contact was made with the Contra Costa District Attorney's Office and no charges have been filed in this matter.

    Evidence to support this charge is the Oakley Police Department report #20-2076.

**RE:   Alexander, Jesse                                                                                                                4**
       **0971 4:16CR00090-001 JST**

**Four**          **There is probable cause to believe that the offender violated the mandatory condition that he not commit a new law violation.**

**On April 16, 2021, at approximately 6:57 p.m., Mr. Alexander stole numerous fragrances from Macy's at Sun Valley Mall in Concord, California, in violation of California Penal Code Section 211, Robbery, a felony. While Loss Prevention officers attempted to detain him, he discharged a firearm, in violation of California Penal Code Section 246.3, Discharging of a Firearm in a Grossly Negligent Manner, also a felony.**

**According to the investigative report, Concord police officers were dispatched to a report of shots fired near the Red Robin restaurant at Sun Valley Mall. Dispatch advised that there had appeared to have been a fight and the shooter fled in a white truck. While officers were on the scene, dispatch advised that Lafayette police officers stopped a vehicle that matched the description and had detained the driver.**

**Officers made contact with a Macy's loss prevention officer who was stationed in the video surveillance room. He viewed the subject, later identified as Mr. Alexander, as he entered Macy's department store, and began looking at various fragrances. Alexander then left the store without any theft. He came back about fifteen minutes later with a garbage bag and placed numerous fragrances in the bag. He left the store without paying for the merchandise. At this point, several loss prevention officers left the store and attempted to detain Alexander. Alexander began to physically fight with the officers and punched and kicked them numerous times. The witnesses reported that Alexander reached into his right pants' pocket and immediately heard a gunshot. At this point, all of the loss prevention officers scattered away. One of them was able to run outside and see Alexander speed away in a Ford truck.**

**Alexander was subsequently positively identified by the loss prevention officers. No gun was found during a search of his vehicle. Officers located two driver's licenses belonging to other people in his property. Officers located a fragment from a bullet projectile near Red Robin restaurant. Officers collected Alexander's pants, which had a large hole in the right thigh area, consistent with the witness statements that the gun was discharged in his pants. A gun shot residue test was conducted on Alexander (results unknown at this time). No charges have been filed yet in the state case.**

**Evidence to support this charge is Concord Police Department report #21-03538.**

**RE:** Alexander, Jesse 5
0971 4:16CR00090-001 JST

Based on the foregoing, there is probable cause to believe that Jesse Alexander violated the conditions of his Supervised Release. Therefore, I ask the Court to issue a no bail warrant for his arrest.

Respectfully submitted,                    Reviewed by:

_____                _____
Nicole M. Brown                            Jennifer J. James
U.S. Probation Officer Specialist          Supervisory U.S. Probation Officer
Date Signed: May 13, 2021

Having considered the information set forth above, the court finds there is probable cause to believe there has been a violation of the conditions of supervision and orders:

☐   To incorporate Charge Number Four to the petition filed with the Court on January 6, 2021.

☐   Other:


_____                _____
Date                                       Jon S. Tigar
                                           United States District Judge

**RE:**     Alexander, Jesse                                                                6
             0971 4:16CR00090-001 JST

## APPENDIX

Grade of Violations:  A [USSG §7B1.1(a)(1), p.s.] *

*Charge Number Four alleges a robbery, which is a crime of violence

Criminal History at time of sentencing:  IV

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| **Custody:** | 2 years<br>18 U.S.C. § 3583(e)(3) | 24-30 months<br>USSG §7B1.4(a)(1), p.s. |
| **Supervised Release:** | 3 years minus any custody time imposed<br>18 U.S.C. § 3583(h) | 3 years minus any custody time imposed<br>USSG §7B1.3(g)(2),p.s. |
| **Probation:** | Not Applicable | Not Applicable |